UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE ELPIDIO LOPEZ and MAGDALENO GAONA SALGADO, individually and on behalf of others similarly situated,<br><br>        Plaintiffs,<br><br>   -against-<br><br><br>EL MARIACHI HOLDING CORP. and PABLO BRAVO,<br><br>        Defendants. | Case No.:<br><br><br>**COMPLAINT**<br><br><br>**Collective Action and Class Action Complaint** |

Plaintiffs JORGE ELPIDIO LOPEZ and MAGDALENO GAONA SALGADO individually and on behalf of other similarly situated employees by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants EL MARIACHI CORP. ("Mariachi" or the "Corporate Defendant") and PABLO BRAVO ("Bravo") (the Corporate Defendants and Bravo are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

2.        This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

4.      Upon information and belief, Defendant Mariachi was a domestic business corporation previously organized and existing under the laws of the State of New York and maintained its principal place of business at 33-11 Broadway, Astoria, NY 11106.

5.      Upon information and belief, at all times relevant hereto, each Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning, individually and collectively, gross annual sales over $500,000.

6.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

7.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

8.      Upon information and belief, Defendant Bravo resides in the State of New York and is an owner, manager and/or employee of the Corporate Defendants.

9.      Upon information and belief, the Corporate Defendants are the owners of El Mariachi Restaurant, which is a restaurant engaged in the business of serving food and drink to customers.

10.     El Mariachi Restaurant is a Mexican restaurant.  Defendants employ cooks, and servers/cashiers in both the front and back of the house all of whom, upon information and

belief, are paid less than required under federal and New York State law for their work each hour and week.

11.     Plaintiffs have been employed by Defendants within the last six (6) years.

12.     Defendant Bravo is, upon information and belief, the principal and an officer of Mariachi.

13.     Defendant Bravo possesses the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

14.     In particular, Defendant Bravo hired and fired Plaintiffs, set their schedules and rates of pay, and maintained employment records.

15.     Defendant Bravo approves the payroll practices for El Mariachi Restaurant's employees, including Plaintiffs.

16.     Defendant Bravo possesses operational control over El Mariachi Restaurant and its employees through his financial control over El Mariachi Restaurant.

17.     Defendant Bravo exercises sufficient operational control over the Corporate Defendants' operations to be considered Plaintiffs' employer under FLSA and NYLL.

18.  At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the NYLL §§ 2 and 651.

19.     The Individual Defendants, as one of the ten largest shareholders of the Corporate Defendant, each is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

20.     Each Individual Defendant created and enforced policy for the Corporate Defendants, including the employee pay policies and work schedules. All personnel and operational decisions were made or approved by the Individual Defendant.

21.    Each Individual Defendant is Plaintiffs' employers under the FLSA and NYLL and is individually liable to Plaintiffs.

## NATURE OF THE ACTION

22.    Plaintiffs brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of themselves and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of themselves and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

    i.    Defendants' failure to pay proper minimum wage compensation to Plaintiff Lopez as required by federal and state law and regulations;

    ii.    Defendants' failure to pay proper overtime compensation to Plaintiffs as required by federal and state law and regulations when they worked in excess of forty (40) hours per week; and

    iii.    Defendants' failure to provide Plaintiff Lopez with spread-of-hours payments under 12 NYCRR 146-1.6; and

    iv.    Defendants' failure to provide Plaintiffs with a wage notice and paystubs as required by NYLL § 195.

23.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I.    Defendants' Wage and Hour Violations.

24.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

### A. Minimum Wage and Overtime Wage Violations as to Plaintiff Lopez.

25.    Plaintiff Lopez worked for Defendants as a prep cook from approximately July 2014 through March 30, 2020.

26.    Plaintiff Lopez worked 6 days a week and had Wednesdays off.

27.    For most of Plaintiff Lopez's employment, he generally worked from 12:00 p.m. until 10:00 p.m. or 11:00 p.m.

28.    In and about June 2019, Plaintiff Lopez's schedule changed to 1:00 p.m. until 10:00 p.m. or 11:00 p.m.

29.    Plaintiff Lopez rarely took any meal breaks totaling more than 20 minutes.

30.    Defendants paid Plaintiff Lopez a weekly salary that remained the same no matter the number of hours he worked.

31.    From July 2014 until the beginning of 2018, Defendants paid Plaintiff Lopez $375 weekly in cash.

32.    From the beginning of 2018 until May 2019, Defendants paid Plaintiff Lopez $425 weekly in cash.

33.    From May 2019 until the end of Plaintiff Lopez's employment, Defendants paid him $420 by check and another $80 in cash.

34. Defendants did not pay Plaintiff Lopez any additional pay for his overtime hours or at the proper minimum wage rate for portions of his employment.

**B. Minimum Wage and Overtime Wage Violations as to Plaintiff Salgado.**

35. Plaintiff Salgado worked for Defendants as a cook from approximately late 2007 through March 30, 2020.

36. Plaintiff Salgado worked 7 days a week.

37. For most of Plaintiff Salgado's employment, he generally worked from 11:00 a.m. until 7:00 p.m.

38. In and about early 2019, Plaintiff Salgado's schedule changed to 12:00 p.m. until 6:00 p.m.

39. Plaintiff Salgado rarely took any meal breaks totaling more than 20 minutes.

40. Defendants paid Plaintiff Salgado a weekly salary that remained the same no matter the number of hours he worked.

41. From July 2014 until the beginning of 2018, Defendants paid Plaintiff Salgado $800 weekly in cash.

42. From the beginning of 2018 until May 2019, Defendants paid Plaintiff Salgado $550 weekly by check and another $400 in cash.

43. Defendants did not pay Plaintiff Salgado any additional pay for his overtime hours.

### C. **Violations Affecting Plaintiffs.**

#### 1. **Minimum Wage Violations**

44.     As demonstrated above, Plaintiff Lopez was never paid the minimum wage per hour. Defendants paid him significantly less than the minimum wage under the FLSA or NYLL.

#### 2. **Overtime Violations**

45.     Although Plaintiffs regularly worked more than 40 hours each work, Defendants never paid them for their overtime work, either at their regular rate or at an overtime premium of 150% of their regular rate.

#### 3. **Notice and Recordkeeping Violations**

46.     Defendants failed to provide Plaintiffs with a wage notice or paystubs in compliance with NYLL § 195.

47.     Defendants did not provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

48.     Defendants also did not provide to Plaintiffs a notice when their rate of pay changed.

49.     Further, for most of their employment, Defendants also did not provide Plaintiffs with a paystub specifying the pay period, their hourly rate of pay, the regular and overtime hours worked, or any other information required under NYLL § 195.

50.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

#### 4. **Spread of Hours.**

51. Defendants failed to provide Plaintiff Lopez with spread-of-hours payments in accordance with 12 NYCRR 146-1.6 for each day they worked ten or more hours.

## II.     Collective Action Allegations.

52. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiffs to all other similarly situated employees.

53. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

54. Plaintiffs' Consent to Sue forms are attached as **Exhibit 2**.

55. Upon information and belief, there are at least 40 current and former cooks, preps cooks, servers, and other employees performing similar duties who have been denied minimum wage and overtime compensation while working for Defendants.

56. At all relevant times, Plaintiffs and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required minimum wage for all hours worked, willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek, and willfully failing to keep records required by the FLSA.  Plaintiffs stated herein are similar to those of other employees.

57. In bringing this action, Plaintiffs are representatives of and are acting on behalf of the interests of other current and former employees who have worked for Defendants within the last three (3) years.

58.    Similarly situated former and current employees are readily identifiable and locatable through Defendants' records.  These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## III.    Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

59.    Plaintiffs brings this action on behalf of themselves and all other current and cooks, prep cooks, servers, and other persons who were or are employed by Defendants but who did not receive compensation required by the NYLL in respect to their work for Defendants.

60.    Upon information and belief, this class of persons consists of not less than 60 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

61.    There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiffs by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

62.    The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

63.    Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of other members of the class.

64.    A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

65.    Plaintiffs brings the third, fourth, and fifth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.

23, in respect to all claims that Plaintiffs and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations Brought by Plaintiff Lopez)**

66.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

67.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed in this Complaint.

68.    Throughout the statute of limitations period covered by these claims, Defendants failed to pay Plaintiff Lopez and others similarly situated the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

69.    Plaintiff Lopez and others similarly situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(FLSA Overtime Wage Violations Brought by Plaintiffs)**

70.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

71.    Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

72.    At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols,

routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

73.    Plaintiffs and others similarly situated seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations Brought by Plaintiff Lopez)

74.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

75.    Defendants knowingly and willfully paid the Plaintiff Lopez and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

76.    Defendants' failure to pay the Plaintiff Lopez and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

77.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff Lopez and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations Brought by Plaintiffs)

78.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79.    New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

80.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiffs and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

81.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Failure to Notify Brought by Plaintiffs)

82.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

83.    Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employees' hiring or a change to their pay rate, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

84.    Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiffs and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

85.    Defendants failed to provide Plaintiffs and other similarly situated employees with a notice or paystub as required with §195 of the NYLL.

86.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and other similarly situated employees have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Spread-of-Hours by Plaintiff Lopez)

87.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

88.    Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff Lopez and other similarly situated employees for one hour's pay at the minimum wage for each hour they worked in excess of 10 hours in a given day.

89.    Although Plaintiff Lopez and other similarly situated employees worked more than 10 hours each day, Defendants failed to compensate Plaintiff Lopez and other similarly situated employees for one hour's pay at the minimum wage.

90.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff Lopez and other similarly situated employees have sustained damage and seeks recovery for unpaid spread-of-hours payments in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: March 5, 2021
New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

# EXHIBIT 1

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de El Mariachi Holding Corp., o de entidades relacionadas.

Autorizo ser demandante en una acción para recolectar sueldos impagos.  Acepto cumplir con los

términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.



NOMBRE

FIRMA

FECHA

## <u>CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an individual who was formerly employed by El Mariachi Holding Corp. and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE


1/14/21
_____
DATE


I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Magdaleno Gaona.

_____
MATTHEW VASQUEZ

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de El Mariachi Holding Corp., o de entidades relacionadas.

Autorizo ser demandante en una acción para recolectar sueldos impagos.  Acepto cumplir con los

términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Jorge Lopez
_____
NOMBRE

Jorge Lopez
_____
FIRMA

1/13/21
_____
FECHA

## **CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by El Mariachi Holding Corp. and/or related entities.  I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

1/13/21
_____
DATE

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by  Jorge Lopez.

matthew vasquez
_____
MATTHEW VASQUEZ

# EXHIBIT 2

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO: EL MARIACHI HOLDING CORP.

PLEASE TAKE NOTICE that JORGE LOPEZ AND MAGDALENO GAONA, as employees of the above corporation who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation for services performed by them for the above corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation, and who have expressly authorized the undersigned, as their attorney, to make this demand on his behalf,

THEY ALSO HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: New York, New York
   March 5, 2021

          FISHER TAUBENFELD LLP

          _____/s/_____
          Michael Taubenfeld
          225 Broadway, Suite 1700
          New York, New York 10007
          Phone: (212) 571-0700
          Facsimile: (212) 505-2001
          *ATTORNEYS FOR PLAINTIFFS*

### NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY
### FOR SERVICES RENDERED

TO:   PABLO BRAVO

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JORGE LOPEZ and MAGDALENO GAONA, on behalf of themselves and on behalf of all others similarly situated, intend to charge you and hold you personally liable as one of the ten largest shareholders of EL MARIACHI HOLDING CORP. for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporation for services performed by them for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
           March 5, 2021

FISHER TAUBENFELD LLP

_____/s/_____
Michael Taubenfeld
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*